## PETER MURRELL *v.* MILTON RITTER.

**Vendor and Purchaser—Rescission of Purchase—Improvements—Interest —Rent.**

> Where a vendor under a parol contract of sale elected not to abide by the agreement, interest should be allowed on the cost of improvements made by the purchaser, from the date of such election, and the purchaser should be required to account for rents from the same date.

### APPEAL FROM BARREN CIRCUIT COURT.

#### October 23, 1873.

OPINION BY JUDGE LINDSAY:

While this court inclines to concur with the circuit court that the award of Porter I. Bohannon settles equitably and correctly the rights of the parties, and that the testimony in this record supports his finding, yet we are of the opinion that the judgment of said court is more unfavorable to Murrell than it should be.

Murrell denies that he had notice of the award, or knowledge of the fact that one had been agreed upon by the arbitrators. There is no proof whatever that he had such knowledge. It was therefore impossible for him to comply with it, either by accepting the fifty dollars as purchase price for the lot, or paying three hundred dollars for the improvements made by Ritter; yet the court, upon his election to pay for the improvements, adjudges him to pay the three hundred dollars with interest from Feb-

ruary 4, 1870, and allows him no credit for rents, although Ritter has remained in possession of and enjoyed the identical improvements for which Murrell is required to pay.

The rule in cases like this, is that the vendee shall pay rent for the premises in their improved condition from the time the vendor gives him legal notice that he repudiates the contract, and that the vendor shall pay for the improvements made with interest from the same time.

From all that appears in the record, the institution of this action was the first authoritative information appellee received, after the agreement to arbitrate, that appellant had finally determined not to comply with the oral agreement to sell.

Hence interest should be allowed on the three hundred dollars, the value of the improvements from that time, September 20, 1870; and appellee should be required to account for rents from the same date.

Wherefore the judgment is reversed and the cause remanded for a judgment conformable to the views herein set out.

*Scott, for appellant.*

*Jones, for appellee.*